# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Attention: Mr. Emil Styrk

Dear Sir:

Opinion No. O-4017
Re: Whether supplemental inden-
ture of trust is subject to
stamp tax

We have received your letter of September 20, 1941,
in which you ask the opinion of this department on whether the
supplemental indenture between the Cities Service Oil Company
and the Chase National Bank of the City of New York is subject
to stamp tax levied by Article 7047e, Vernon's Annotated Civil
Statutes. You enclosed a copy of the supplemental indenture
with your letter.

Article 7047e, reads in part as follows:

"(a) Except as herein otherwise provided,
there is hereby levied and assessed a tax of ten
10¢) cents on each One Hundred ($100.00) Dollars
or fraction thereof, over the first Two Hundred
($200.00) Dollars, on all notes and obligations
secured by chattel mortgage, deed of trust, me-
chanic's lien contract, vendor's lien, conditional
sales contract and all instruments of a similar
nature which are filed or recorded in the office
of the County Clerk under the Registration Laws of
this State; provided that no tax shall be levied
on instruments securing an amount of Two Hundred
($200.00) Dollars, or less. After the effective
date of this Act, except as hereinafter provided,
no such instrument shall be filed or recorded by
any County Clerk in this State until there has been
affixed to such instrument stamps in accordance
with the provisions of this section; * * *"

Deeds of trusts are specifically covered by the statute. Therefore, if the supplemental indenture under consideration is security for an obligation -- that is, if a lien interest is created by the instrument -- then it is subject to the tax.

The supplemental indenture recites that the original indenture of trust was executed in 1927 to secure bonds of the Cities Service Oil Company. We are not familiar with the terms of the original indenture, but we gather that it contained provisions covering after-acquired property and subsidiary properties of the Cities Service Oil Company.

The supplemental indenture recites that the Cities Service Oil Company proposes to acquire substantially all of the capital stock of the Indian Territory Illuminating Oil Company, and thereafter to acquire all of the property and assets of the company, subject to its liabilities.

The instrument contains provisions to the effect that until the note of the Indian company to the Guaranty Trust Company of New York is paid, the Indian Company is not to be deemed a subsidiary company as that term is used in the original indenture or any supplemental indenture; that none of the provisions in the original or supplemental indenture shall be applicable to the Indian company; that if the Cities Service Oil Company acquires substantially all the property and assets of the Indian company, then until the note is paid, none of such property or assets or improvements shall be subject to the lien of the original indenture or any supplement thereto and that no holder of bonds issued under such instruments shall have any claim to the same. It is also provided that the Trustee shall stamp on all bonds outstanding or held unissued that they are subject to the provisions of this supplemental indenture.

We quote from the instrument as follows:

"* * * provided, however, that if at the time of the payment and satisfaction in full of the note, Indian would constitute a Subsidiary Company as that term is defined in Section 3 of Article II of the Original Indenture, then Indian shall be deemed a Subsidiary Company for all purposes of the Original Indenture and any indenture

supplemental thereto, all provisions thereof
relating to a Subsidiary Company shall apply
to Indian, and the Com any shall forthwith make
or cause to be made the pledge required by Sec-
tion 20 of Article III of the Original Inden-
ture."

Can it be said that this instrument is security for
an obligation or that a lien interest is hereby created?  We
think not.  It is more in the nature of a release.   This prop-
erty would probably come within the terms of the original in-
denture but for this instrument.   Therefore, the supplemental
indenture does not add to the original indenture, but, on the
other hand, takes from it.

In view of the foregoing you are respectfully ad-
vised that the supplemental indenture between the Cities Ser-
vice Oil Company and the Chase National Bank, a copy of which
you submitted to us, is not subject to the tax levied by
Article 7047e.  We herewith return the instrument to you.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By

Glenn R. Lewis
Assistant

CWS:ej

By

George W. Sparks.

APPROVED SEP 30, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED OPINION COMMITTEE
BY BWB
CHAIRMAN